## DAVIES v. TEXAS EMPLOYERS' INS. ASS'N.  (No. 1046—5244.)

Commission of Appeals of Texas, Section B. May 1, 1929.

Vickers & Campbell and W. F. Schenck, all of Lubbock, for plaintiff in error.

Roscoe Wilson, of Lubbock, and Leachman & Gardere and S. P. Sadler, all of Dallas, for defendant in error.

SPEER, J.  This is a workmen's compensation case, in which the claimant recovered judgment in the district court, to which the association had duly removed the cause, and which judgment was reversed and the cause remanded by the Court of Civil Appeals, because of its holding that the claimant's petition was subject to a general demurrer.  6 S. W.(2d) 792.

In the district court the claimant neither alleged the giving of the notice, or the filing of his claim, within the time required by the statute, nor did he allege that such prerequisites were waived by the board.  The Court of Civil Appeals held this omission to be fatal to the petition.  The ruling has some support in the decisions of the Courts of Civil Appeals.  Texas Employers' Ins. Ass'n v. Schoeppel (Tex. Civ. App.) 10 S.W.(2d) 405. The case cited, however, follows the instant case.

But we do not need to decide whether the requirements of the statute as to notice and filing claim by the employee are jurisdictional, constituting an essential part of the workman's case, or are merely statutes of limitations, to be pleaded in defense.  Assuming for the purposes of this decision that they are jurisdictional, the case does not fail because of allegations contained in the association's petition.

In its petition to "set aside" the award of

the Industrial Accident Board, it is shown that such board had "entered its final ruling and decision" in the matter for an inquiry sustained by the employee and "set forth in said final ruling and decision."

The association then pleaded "that the said W. Davies claimed compensation" before said Industrial Accident Board, and otherwise showed the jurisdiction of the district court with respect to its notice and timely filing of suit. The allegation that Davies claimed compensation before said Industrial Accident Board is broad enough as against a general demurrer, if contained in the employee's petition, to show compliance with the statute with respect to notice and filing of claim. Upon a general demurrer, the allegations of the adversary party may be looked to in aid of the pleading attacked. The allegation that Davies claimed compensation before the board by reasonable intendment means that he claimed compensation in a lawful manner; that is, in the manner required by statute. This could only be after notice, and upon claim duly presented to the board within the statutory time, or for good cause a waiver by the board of those requirements.

Upon the trial the defendant offered in evidence the claim for compensation for injury addressed to Industrial Accident Board, Austin, Texas, as follows:

"This is to notify you, Jas. T. Taylor, that I claim compensation from you under the Employers' Liability Act for personal injury sustained while in the employ of Jas. T. Taylor at Lubbock, Tex. The time of my injury was 8:15 o'clock a. m. on the 5th day of March, 1925. The place of injury was Textile Building. The cause of my injury was while climbing a column one brace gave way, causing employee to fall about 14 feet (breaking all bones in left ankle). The nature of my injury is as follows: Broken leg just about ankle on left leg; bones splintered. Are you a citizen of the United States? Yes. My wages on date of injury were $1.00 per hr.—8 hr. day. I was employed 6 days per week.

"[Signed] Walter Davies.
"1118 8th St., P. O. Box 2021
"Lubbock, Tex.

"Witness:
"[Signed] H. F. King.

"Industrial Accident Board
"Received Mar 26, 1925
"Length of time employed in same employment previous to date of injury—6 years.
"Dated this 13th day of March, 1925."

The final award is shown to have been made by the board on May 2, 1927. These matters are referred to in aid of the interpretation of the allegation that the defendant Davies "claimed compensation before the board."

█ █ It was next held by the Court of Civil Appeals that the claimant's petition was fatally defective, for the want of an allegation upon which a recovery for his average weekly wages could be supported; his allegation in this respect being: "He received his injuries on the Textile Building, of the Texas Technological College, and at said time his average weekly wages were $48 per week and more. He was earning that sum at the time he was injured. He was a carpenter and master mechanic by trade and occupation, and was doing this character of work and receiving said compensation of $48 per week when injured."

The petition did not allege how long the claimant had been engaged in that work, nor did it contain any other allegation that could be helpful upon the point being considered. The matter being presented by a general demurrer, the rule is that every reasonable intendment as to the sufficiency of the pleading will be indulged. When thus tested, we think the pleading supports the recovery, which was based upon a jury finding of total and permanent incapacity, and the court's finding as to average weekly wages.

Article 8306, § 10, provides: "While the incapacity for work resulting from the injury is total, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of his average weekly wages, but not more than $20.00 nor less than $7.00 and in no case shall the period covered by such compensation be greater than four hundred and one weeks from the date of the injury."

Article 8309 defines "average weekly wages." and prescribes the method for determining such wages, dependent upon the time the employee shall have worked in such employment as he was engaged in when injured. The claimant's allegation that his "average weekly wages" were $48 per week means, therefore, that such average weekly wages, ascertained in the manner prescribed by statute, were $48 per week. "Average" weekly wages could mean nothing else in this case.

It was not necessary, as against a general demurrer, that the pleader should set forth the method of computation by which he arrived at this "average weekly wages"—that was a matter of statute, or at least, if the allegation was not full enough, it should have been challenged by special exceptions. The case is analogous to an action for damages. It is never necessary for the plaintiff to plead his *measure of damages*, but it is enough that he pleads the facts from which the amount claimed can be recovered as legal damages. Here the pleader, by a short rendition of the process required by the statute, has alleged that his "average weekly wages" —which, by the law, he. is entitled to recover —were $48 per week. This was sufficient.

█ This is not in conflict with the decision in Texas Employers' Ins. Ass'n v. Fitzgerald (Tex. Com. App.) 296 S. W. 509. There the recovery was contrary to the express pleadings. Here it was within the pleadings,

which though general, were nevertheless good as against a general demurrer.

No other assignment by the association in the Court of Civil Appeals called for a reversal of the judgment, and, as we hold against that court upon the questions discussed, it follows the judgment of the district court should have been affirmed.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court be affirmed.

CURETON, O. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.