## SOUTHERN SURETY CO. v. EPPLER.

### No. 7427.

Court of Civil Appeals of Texas. Austin.
March 10, 1930.

Rehearing Denied April 9, 1930.

Sweet & Nabors, of Brownwood, and Horace C. Bishop, of Dallas, for appellant.

Chastain & Judkins, of Eastland, and Woodruff & Holloway, of Brownwood, for appellee.

McCLENDON, C. J.

November 7, 1926, appellee, while drilling an oil well, received an injury to his shoulder. He claimed to be an employee of Toombs, doing business under the trade-name of Toombs & Eppler, to whom appellant had issued an industrial accident policy. Appellant paid appellee $20 per week for four weeks as total disability compensation, and then declined to make further payment on the ground that Toombs & Eppler was a partnership and appellee was one of the partners. Appellee then presented the claim to the Industrial Accident Board, where an award in his favor was made. This suit was an appeal by the surety company from that award.

Appellant's first proposition, asserting want of jurisdiction in the trial court, because appellee's pleadings fail to allege that he "made claim for compensation within six months after receipt of the injuries alleged by him," we overrule on the authority of Davis v. Tex. Employers' Association (Tex. Com. App.) 16 S.W.(2d) 524, 525, and Tex. Employers' Association v. Lovett (Tex. Civ. App.) 19 S.W.(2d) 397.

We overrule appellant's second proposition attacking the sufficiency of the evidence to support the jury verdict, "in that said evidence conclusively shows that the said J. L. Eppler was a partner with the said F. H. Toombs." Toombs and Eppler both testified that the partnership was dissolved on July 31, 1926, on which date it appears Eppler made a bill of sale to Toombs covering all his interest in the partnership equipment, and on the same day this bill of sale was acknowledged and filed for record. Toombs also testified that he promptly notified the surety company's agent of this dissolution, and the agent continued thereafter to receive monthly premiums on the policy. This was not controverted. There was evidence that in 1927 contracts had been made in the partnership name by Eppler, and admissions of the partnership had been made by Eppler to third parties. Reasonable explanations of these contracts and admissions consistent with the dissolution were testified to by Eppler. If the question were one of estoppel between the alleged partnership and parties dealing upon the faith of these contracts or representations, a different question would be presented. Here, however, the question is one of the actual relations of Toombs and Eppler, of which the surety company had full knowledge. The ev-

idence was clearly sufficient to support a finding that the partnership had been dissolved.

Appellant's third proposition complains of the trial court's refusal to sustain an objection to special issue No. 5 on the ground that it was duplicitous. This special issue inquired whether Eppler "suffered any permanent partial incapacity." In addition to this objection, appellant requested and the trial court refused two special issues, as follows:

"Are the injuries, if any, to said J. L. Eppler permanent?"

"Are the injuries, to the said J. L. Eppler, if any there are, total or partial?"

In support of this proposition, appellant cites Lumbermen's Association v. Wilmoth (Tex. Com. App.) 12 S.W.(2d) 972, and Indemnity Co. v. Campbell (Tex. Civ. App.) 19 S.W.(2d) 622.

Both of these cases hold that a single issue submitting whether an employee is "totally and permanently incapacitated" is duplicitous. In the instant case the jury had already found that Eppler was (3) totally disabled, and (4) for eight weeks, and, under special issue No. 6, they found that the extent of his permanent partial incapacity was 50 per cent. Special issue No. 5 did not embrace total incapacity. If, therefore, it was duplicitous, it was so in that it embraced the issues (1) whether Eppler was incapacitated at all, and, if so, (2) whether that incapacity was permanent. Whether Eppler was incapacitated at all was not separately submitted to the jury, and the special issues requested by appellant did not call for a finding on that issue. In fact, each of the two special issues requested assumed that he was injured. There could be no harm done appellant by submitting the issue whether there was any partial permanent incapacity when in another issue the question of his total incapacity was submitted and found by the jury as to which there was no complaint. If the point had been made that the issue of incapacity vel non was not separately submitted to the jury, then the question would arise whether that was an issuable fact in the case, but the special issues requested, which ask whether the "injury" was partial or total, was, to say the least, an invitation to the court not to submit the issue whether there was any disability or injury at all. Total disability would, of course, include partial disability, and the fact that, in answer to another issue, the jury found only temporary total disability, and the court did not make any award based upon permanent total disability, but only on partial permanent disability, renders any error in the charge harmless.

Additionally, we think it clear from the evidence that Eppler's partial disability is conclusively established, and therefore the issue of permanency was the only question of fact which the jury had to decide.

The remaining propositions relate to the amount of the weekly wage found by the court. The contentions under these propositions may be briefly summarized as questioning the sufficiency (1) of the pleadings to show Eppler's wage; (2) of the evidence to show such wage; (3) of the verdict to support the court's finding of wage; (4) of the verdict as a basis for the court's award of 300 weeks' compensation.

The first of these contentions we overrule on the authority of Davies v. Tex. Employers' Association (Tex. Com. App.) 16 S.W.(2d) 524. Appellee's pleading in this regard was "that the average weekly wage of the defendant J. L. Eppler prior to said injuries was the sum of $47.55." This allegation was sufficient as against a general demurrer.

Upon the second proposition, the evidence showed that, after the dissolution of the partnership, Eppler was an employee of Toombs at a salary of $250 per month. In addition to his duties as "tool pusher," he handled the drilling business for Toombs, and his employment in this regard, so far as the record shows, was unusual. He had only been in this employ a few months, and there was no evidence that others in that vicinity were engaged in the same employment covering substantially the same duties. Under these circumstances we think the court properly applied the third method of computation provided in section 1 of article 8309, R. S. This is the holding in Lumbermen's Ass'n v. Warner (Tex. Com. App.) 245 S. W. 664, Tex. Employers' Ass'n v. Russell (Tex. Civ. App.) 16 S.W.(2d) 321, and U. S. F. & G. Co. v. Morgan (Tex. Civ. App.) 18 S. W.(2d) 810.

The question of weekly wage does not appear to have been a contested issue on the trial, and, while the burden of proof generally was upon appellee to show his weekly wage as an essential element to recovery, it appeared that the surety company had already made four payments of $20 per week. It does not seem unreasonable to construe this fact as in the nature of an admission for the purpose at least of a prima facie showing of wage.

The third and fourth contentions are wholly without merit. There was no request for jury findings on these issues, and clearly they were not independent grounds of recovery as contended for by appellant, which would bring them within the rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W. (2d) 1084.

The trial court's judgment is affirmed.

Affirmed.