**TEXAS EMPLOYERS' INS. ASS'N v. ARNOLD.**
**No. 11099.**

Court of Civil Appeals of Texas. Dallas.
Feb. 4, 1933.

Rehearing Denied March 11, 1933.

Lawther, Cox & Cramer and James P. Swift, all of Dallas, for appellant.

Bailey, Nickels & Bailey, of Dallas, for appellee.

LOONEY, Justice.

Following an award of the Industrial Accident Board in favor of Jim Arnold, compensating him for incapacity resulting from injuries sustained in the course of employment with Brown Cracker & Candy Company, the Texas Employers' Insurance Association (insurer) filed suit in the district court of Dallas county to set aside the award, but later an agreed judgment was entered in favor of Arnold and his attorneys for $1,300, which was paid.

Thereafter, Arnold filed suit against appellant to set aside the agreed judgment, upon grounds of fraud and misrepresentations, alleged to have been practiced by appellant's representatives, inducing him to agree to the settlement, concluding with the prayer that the award of the board be matured; that he recover the whole of the same, with penalty and attorney's fees; and, in the alternative, that he recover judgment for 401 weeks compensation, less $1,300 paid on the agreed judgment, and further in the alternative, prayed for damages in the amount of $4,240. Thereafter, appellee urged the same cause of action in another suit against appellant filed in a district court of Dallas county, which was, by order of court, consolidated with the former.

Appellant answered by general demurrer, general denial, and pleaded the agreed settlement, in bar. Appellant's general demurrer was overruled, the case was tried to a jury, and the only issues submitted were as to the alleged misrepresentations that induced appellee to agree to the settlement. These issues being found in favor of appellee, the court rendered judgment setting aside the agreed judgment, and allowed him compensation for 401 weeks at $13.85 per week, less $1,300 theretofore paid, from which this appeal is prosecuted. The questions discussed are properly presented and briefed.

Appellant contends that the court erred in overruling its general exception to appellee's petition, because the same is lacking in essential averments, that is, (1) as to his average weekly wages, and (2) as to the nature, extent, and duration of his incapacity.

In passing upon the action of the court in overruling the demurrer, every reasonable intendment, arising upon the pleading attacked, should be indulged in favor of its sufficiency. See rule 17, District and County Courts. Wynne v. State National Bank, 82 Tex. 378, 383, 17 S. W. 918; Wiggins v. Bisso, 92 Tex. 219, 222, 47 S. W. 637, 71 Am. St. Rep. 837.

Plaintiff alleged that, at the time of the injury he was earning $24 per week (of 6 days), and for a long time continuously theretofore had been in such employment, that the value of the compensation to which he is entitled (after deducting $1,300 formerly paid) is $4,240, and prayed for the recovery of compensation for 401 weeks at the rate of $13.85 per week. As against a general demurrer, these allegations are, in our opinion, sufficient on the measure of recovery. See Davies v. Tex. Employers' Ins. Ass'n (Tex. Com. App.) 16 S.W.(2d) 524.

Appellee's allegations are also to the effect that he was injured in the course of employment, resulting in incapacity for work or service in said employment or in other classes of work or services; that the value of the compensation to which he is entitled under the compensation law is $4,240 (after deducting $1,300 formerly paid), concluding with a prayer for recovery of the maximum allowed for total permanent incapacity. These averments describe in outline and by implication a condition of total permanent incapacity, and, as to its nature, extent, and duration, are sufficient. See Tex. Employers' Ins. Ass'n v. Nunamaker (Tex. Civ. App.) 267 S. W. 749, 751; American Employers' Ins. Co. v. Scott (Tex. Civ. App.) 33 S.W.(2d) 845, 847, and authorities cited; Beal v. Texas Ind. Ins. Co. (Tex. Com. App.) 55 S.W.(2d) 801.

But if the petition be found lacking in essential averments, as to the nature, extent, and duration of appellee's incapacity, such defect was cured by allegations contained in appellant's plea in bar, to the effect that the incapacity, in respect to which appellee sued and seeks to recover under the compensation law, is total and permanent. In Davies v. Tex. Employers' Ins. Ass'n (Tex. Com. App.) 16 S.W.(2d) 524, the doctrine is announced that on general demurrer, allegations of an adversary may be looked to in aid of a pleading attacked. We therefore overrule the assignment and proposition just considered.

Appellant contends that the court erred in refusing, on request, to direct a verdict in its favor, and in rendering judgment for appellee, because of the absence of any proof showing that, within thirty days after the alleged

injury, the subscriber or the association had, or was given notice thereof; because of the absence of any proof that within 6 months after the alleged injury appellee made claim to the Industrial Accident Board for compensation with respect to said injuries; because of the absence of any proof that the employer was a subscriber or that appellant was the insurer, within the terms of the compensation law.

■ These facts were, in our opinion, abundantly and indisputably established. The testimony of Arnold, uncontradicted, is to the effect that, immediately after being injured he complained to some of the employers at the place of business, and shortly thereafter was examined by a physician at the suggestion of the subscriber, also was examined by a physician at the suggestion of appellant, and that his claim for compensation was presented to the Industrial Accident Board. That the board made an award, that appellant gave notice of its unwillingness to abide by same, and filed suit to set it aside, to which appellee filed answer, praying judgment for total and permanent disability compensation, are facts fully and lengthily alleged by appellant in its answer to the present suit, all of which are shown to have occurred within 6 months after the injury, hence, the facts alleged will be treated as admitted and conclusively established.

■ A fact admitted in a pleading, on which the case is tried, is held, without other evidence, to be conclusively established for the purpose of the trial, under the doctrine of admissions against interest. Ogden v. Bosse, 86 Tex. 336, 344, 24 S. W. 798; Barrett v. Featherstone, 89 Tex. 567, 35 S. W. 11, 36 S. W. 245; H. E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 134, 70 S. W. 531, 97 Am. St. Rep. 877.

■ Where an employer knows of an injury to an employee and causes him to be treated by a physician, as in the case at bar, other notice to the employer or insurer is not required. Texas Employers' Ins. Ass'n v. Fricker (Tex. Civ. App.) 16 S.W.(2d) 390, 395. Where, within six months after an injury, a claim for compensation is pursued in a court action, the statute (Rev. St. 1925, art. 8307), with reference to the presentation of the claim to the board, is satisfied. See Tex. Employers' Ins. Ass'n v. Wonderley (Tex. Civ. App.) 16 S.W.(2d) 386; Tex. Employers' Ins. Ass'n v. Fricker (Tex. Civ. App.) 16 S.W.(2d) 390, 395; Ocean, etc., Corp. v. Nance (Tex. Civ. App.) 25 S.W.(2d) 665; Tex. Employers' Ins. Ass'n v. Bradshaw (Tex. Civ. App.) 27 S. W.(2d) 314; Millers, etc., v. Heller (Tex. Civ. App.) 253 S. W. 853, 857; Roland, etc., v. Employers' Cas. Co. (Tex. Civ. App.) 290 S. W. 895.

[10] The award of the Industrial Accident Board was not only alleged by appellant, as above shown, but was in evidence without objection or request that its probative effect or purpose be limited, therefore, being in evidence for all purposes, furnished ample proof of the facts that appellant contends appellee failed to prove. See Blum Milling Co. v. Moore-Seaver Grain Co. (Tex. Com. App.) 277 S. W. 78, 81, and authorities cited. The assignment and propositions just considered are overruled.

Appellant contends further that the court erred in rendering judgment for appellee because proof was lacking as to his wages for and during the period of the whole, or substantially the whole, of the year immediately preceding the alleged injury.

■ The testimony of appellee, undisputed, is to the effect that, when injured he was, and had been for 6 or 7 months, earning $24 per week, that immediately before his wages were raised to that sum he had for more than a year continuously been earning, in the same employment, $21 per week. This, in our opinion, was sufficient proof of wages earned for the whole, or substantially the whole, of the year immediately preceding the injury, and justified the finding that 60 per centum of appellee's average wages for the whole of the year preceding the injury equalled the weekly compensation used in the calculation that produced the judgment rendered.

As before stated, the only issues submitted were as to certain representations made that induced appellee to agree to the settlement sought to be overturned in these proceedings. These issues were found for appellee, and are not challenged. However, the court neither submitted, nor did appellant request the submission of, any issue in regard to whether appellee sustained injury in the course of employment, or as to the extent of his incapacity, so, on the findings and evidence, the court set aside the agreed judgment and rendered judgment for appellee, compensating him for 401 weeks at $13.85 per week, less $1,300 theretofore paid. Based upon this status, appellant contends that the court erred in rendering judgment for appellee, because not supported by jury findings as to his injury and incapacity. Appellant cites Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, in support of this contention.

■ These facts are undisputed: On August 17, 1928, appellee, an employee of the Brown Cracker & Candy Company (subscriber), was injured in the course of employment, that is, while he and a fellow employee were engaged in lifting, from a platform to a truck, a barrel of cakes weighing about 160 pounds, appellee was struck with a sudden pain in the back of his neck (which, according to the medical testimony, was the result of a hemorrhage in the left internal capsule of the brain), and within two or three hours lost the use of his right arm, partially his

ability to speak, was seized with nervousness, was sleepless during the first night, lost appetite, discovered next morning that he had suffered partial loss of the sight of his right eye and the hearing of his right ear; was immediately treated by a physician, who advised moderate exercise, stating that it would be some time before he would be able to go back to work; that at the time of being injured he weighed 180 pounds, subsequently lost weight down to 135 pounds, at the time of the agreed judgment in August, 1929, weighed about 145 pounds, and at the time of the trial in April, 1931, weighed 140 pounds. While there is some conflict as to the nature, extent, and duration of appellee's incapacity, the evidence abundantly sustains the finding of the trial court to the effect that his incapacity is total and permanent.

These undisputed facts showing that appellee sustained injury in the course of employment, established his right to recover something, and it was neither necessary nor proper that the court should have submitted that issue to the jury. In Maryland Casualty Co. v. Long (Tex. Civ. App.) 9 S.W.(2d) 458, 460, the Texarkana Court was confronted with a similar situation, described by Judge Hodges as follows: "In their brief and oral argument counsel for appellant contend that the court erred in failing to submit to the jury the issue of total and permanent incapacity. While they concede that there was no request for the submission of that issue, they insist that none was required. As supporting the proposition that this was a fundamental issue, which in jury trials could only be passed upon by the jury, they refer to the following cases: Norwich Union Ins. Co. v. Chancellor (Tex. Com. App.) 5 S.W.(2d) 494; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S. W.(2d) 1084; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591. * * * In the present case there was evidence sufficient to warrant the finding that Long was totally and permanently incapacitated to follow the occupation for which he was fitted. Such incapacity was not pleaded as a distinct ground of recovery, but as a collateral matter affecting only the extent of his recovery. The injury sustained while in the service of his employer was the fundamental fact which formed the basis of his suit, or claim for compensation. The incapacity was merely a result of the injury, and the degree of incapacity determined only the amount of the compensation which should be awarded. We do not think the facts of this case bring it within the rule stated in the cases above referred to."

The case just referred to is in point, and the doctrine announced is decisive of the question under consideration. It being undisputed that appellee sustained injury in the course of employment, his right to be compensated in an amount, dependent upon the correlative, supplemental, and incidental issues, as to the nature, extent, and duration of the resultant incapacity, was established. These dependent issues were neither submitted nor was request for their submission made by appellant, hence, were properly found by the court, with ample evidence to sustain the findings, in such manner as to support the judgment. This holding is not violative of, but is in accord with the doctrine announced in the Ormsby-Ratcliffe Case. We therefore overrule the assignment and propositions in regard to the matters just discussed.

Having fully considered all assignments, and finding no reversible error, the judgment of the court below is affirmed.

Affirmed.