## SOUTHERN UNDERWRITERS v. ERWIN.

### No. 1951.

Court of Civil Appeals of Texas. Eastland.

Nov. 24, 1939.

Rehearing Denied Dec. 22, 1939.

722

Benbow & Saunders, of Dallas, and J. R. Black, of Abilene, for plaintiff in error.

Smith & Smith, of Anson, and Scarborough & Ely, of Abilene, for defendant in error.

FUNDERBURK, Justice.

In due time, following an award of the Industrial Accident Board, the Southern Underwriters, compensation insurance carrier for J. C. Leitz, filed this action in the District Court against J. H. Erwin, employee of said Leitz. Erwin answered, in part, by asserting a cross-action to recover compensation insurance. The Southern Underwriters, who will hereinafter sometimes be called the insurer or defendant, took a non suit and filed defensive pleadings in answer to the cross-action. In a jury trial all issues submitted were found by the special verdict of the jury in favor of plaintiff and against the defendant. In accordance therewith judgment was rendered awarding plaintiff recovery of $6,-399.94 (with provision for payment out of same for attorney's fees) from which judgment the defendant has prosecuted writ of error to this court.

Counsel for plaintiff read plaintiff's pleadings to the jury, including allegations to the effect that defendant had appealed from the award of the Industrial Accident Board and had filed the suit to set aside the award, such reading having been immediately preceded with a statement to the same effect. This action was made the basis of a motion to the court to declare a mistrial, which, being overruled, constitutes the basis for the defendant's first proposition.

Revised Statutes 1925, Art. 2180, provides that: "The trial of cases before a jury shall proceed in the following order, unless the court should, for good cause, to be stated in the record, otherwise direct: 1. Plaintiff's petition shall be read to the jury. 2. Defendant's answer shall be read to the jury. * * * 4. The party upon whom rests the burden of proof on the whole case under the pleadings, shall be permitted to state to the jury briefly the nature of his claim or defense and facts relied upon in support thereof." This statute was in force at the time of trial. Prior to the enactment of R.S. 1925, Art. 2193, the law permitted the pleadings to go to the jury. When said Art. 2193 was amended so as to eliminate the pleadings from documents which the jury was permitted to take with them, that change did not repeal said Art. 2180, since both articles not necessarily in conflict, were in the 1925 revision re-enacted in Pari Materia. There can be no legal wrong consisting alone of the proper exercise of a legal right. So certainly as that proposition be a sound one, we think that the reading or statement of the contents of the trial pleadings in obedience

to the express mandate of the statute, is not error. If just grounds existed for not reading to the jury the particular part of the pleadings in question, and the court "for good cause to be stated in the record" ought to have directed the omission of such reading and accompanying statement, such action should have been timely requested and the refusal to grant the request, if any, presented for review as involving an abuse of discretion.

■ Special issue No. 1 was so stated as to call for a finding of whether the employee "sustained a personal injury on the 23rd day of August, 1937", without further description of the injury, and was objected to in that it was "vague, indefinite and uncertain and fails to confine the jury to the consideration of the character of injury raised by the pleadings and is so general that it prompts the jury to speculate on matters outside of the realm of the plaintiff in cross-action's pleadings and of the evidence introduced at the trial of this cause and prompts the jury to take into consideration any injuries of any kind that may have been received by the plaintiff in cross-action, on or about the 23rd day of August, 1937, irrespective as to whether or not the same were pleaded." Undoubtedly the issue should have been so stated as to leave no uncertainty that the injury inquired about was the same injury pleaded by the employee. The statement from the record designed to support this proposition does not show that there was any evidence of more than one injury, or of any injury except the one alleged. We are of the opinion that the objection did not point out any fact to show that the issue did not call for a finding of the particular injury alleged, there being no suggestion in the pleadings or evidence of any other injury. Southern Underwriters v. Thomas, Tex.Civ.App., 131 S.W.2d 409.

■ Special issue No. 9 was: "From a preponderance of the evidence fix the number of weeks, in any, of such total incapacity for work, if any, of J. H. Erwin from August 23, 1937." This issue was conditionally submitted, the condition being that the jury had answered the issue of total incapacity to the effect that the incapacity was total, and the issue of whether the total incapacity, if any was permanent to the effect that it was not permanent. The jury having answered that the incapacity was (1) total and (2) permanent, did not answer said special issue No. 9.

Had the court submitted, as an issue, a question calling for a finding of whether total incapacity, if any, was not temporary, that, according to the decisions, would have been a defensive issue. Special issue No. 9 was likewise a defensive issue. The latter would have been properly conditioned upon a negative finding upon the former; that is to say, upon a finding to the effect that the total incapacity, if any (a matter to be determined by another issue), was temporary. A good statement of the law governing conditional submissions of special issues, as reflected by the decisions, appears in Texas Law Review, Vol. XIII, p. 383, in an article by Mr. J. L. Goggans, Jr. He says: "The general rule in Texas today seems to be that a conditional submission is proper where it presents a component part of a plaintiff's cause of action or a component part of a defense under a general denial or a component part of an affirmative defense; but not proper where it conditions an entire cause of action, nor an entire defense which directly contradicts the plaintiff's cause of action nor an entire affirmative defense." Within the rule as thus stated a defensive issue of total temporary incapacity is a component part of "a defense under a general denial." No *entire* defense was conditionally submitted. No defensive issue of total temporary incapacity was submitted. That issue was not requested, at least no complaint is made of any refusal of such request. Absent the submission of such issue, special issue No. 9 considered as in itself a distinct issue, was wholly immaterial. Unless there was a finding of (total) temporary incapacity it would have been impossible for the jury (as directed) to "fix the number of weeks, if any, of such total incapacity for work, if any." Defendant, by omitting to request submission of (total) temporary incapacity as a defensive issue, thereby shows, we think, an election to accept the jury's verdict upon plaintiff's issue of (total) permanent incapacity as decisive of both issues. That issue having been determined against the defendant, special issue No. 9 is shown to be immaterial. Hence, we conclude that no material error is shown by its conditional submission. This same question was determined by us in Traders & General Ins. Co. v. Raymond Ray, Tex.Civ.App., 128 S.W. 80.

■ Special issue No. 2 was: "From a preponderance of the evidence do you find that the personal injury, if any, sustained

by J. H. Erwin was received by him while he was in the course of his employment for J. C. Leitz?" That such issue was not subject 'to the objection, as contended by plaintiff-in-error, that it assumed the employee was in the course of his employment is too obvious, we think, to require discussion.

■ Special issue No. 10 was: "From a preponderance of the evidence do you find that J. H. Erwin's incapacity for work, if any, since August 23, 1937, has not been partial incapacity? Answer 'His incapacity has not been partial' or 'His incapacity has been partial.'" Special issue No. 24 was: "From a preponderance of the evidence do you find that J. H. Erwin did not have a congenital condition prior to August 23, 1937? Answer 'He did not have a congenital condition' or 'He did have a congenital condition.'" The contention that these issues, as stated, misplaced the burden of proof, is believed to be without merit. The jury having determined each issue presumably as directed from a preponderance of the evidence, certainly could not have been misled, but on the contrary greatly aided, by the directions as to the manner of evidencing its findings. Each of said questions submitted to the jury did not admit of but two answers— one an affirmative, the other a negative. Each could have been answered "Yes" or "No." To make certain that whether answered "Yes" or "No", the jury would clearly express the intended finding, the court merely directed them to answer, instead of "Yes", that "His incapacity has not been partial", or that "He did not have a congenital condition." But that if the answer was "No", to answer "His incapacity has been partial" or "He did have a congenital condition."

■ We are of the opinion that no error has been shown in the action of the court in permitting plaintiff to testify that insurer had paid him $20 per week for 16 weeks, over the objection that payments, having been admitted to have been made by checks, the checks constituted the best evidence of the payments. The plaintiff did not seek to prove payment by the checks. The conclusion that there was no error in the admission of the testimony is according to our recent decision in Ruppert v. Hermleigh Co-operative Gin & Supply Co., 133 S.W.2d 305.

■ We are of the opinion that there was no error in the action of the court in permitting Myatt, father-in-law of plaintiff, to testify that plaintiff complained of pain. The facts disclosed by the record do not show that the testimony was not admissible as res gestae. The burden is upon plaintiff-in-error to show error.

■ There was no material error in the action of the court in admitting a photostatic copy of the award of the Industrial Accident Board. It was unnecessary to admit the award in evidence, it having been duly pleaded. Vernon's Ann. Civ.St. Art. 8307b. There is no contention that the award was admitted in the presence of the jury.

■ The contention that the court erred in failing to grant the request of defendant to instruct the jury not to consider certain argument, and the action of the court in overruling the motion of plaintiff-in-error for new trial on account of such argument of counsel for plaintiff to the effect that plaintiff could not be totally disabled and partially disabled, and that a finding of partial disability to 100% would be directly in conflict with the definition of partial disability and the defendant-in-error is either disabled or partially disabled, one or the other, and it is for the jury to determine from the evidence which applies, is likewise overruled. To our way of thinking the issues and the definitions made the subject of the remarks of counsel self-evident. It is certainly a self-evident fact that one cannot be totally disabled and partially disabled at the same time.

■ Plaintiff alleged that he had *not* worked for his employer, or for another employer, substantially the whole of the year immediately preceding his injury. He alleged facts, the purpose of which was to enable him to have his average weekly wages determined according to the second of the three methods prescribed in paragraphs numbered 1 to 5, inclusive, of sec. 1, Art. 8309, R.S. 1925. In the alternative, he alleged facts as a basis for determining his average weekly wages according to the third of said three methods. Special issue No. 17 as submitted was stated thus: "From a preponderance of the evidence do you find that J. H. Erwin worked in the employment in which he was working, if any, at the time of his injury in question, if any, whether for the same employer or not, substantially the whole of the year immediately preceding August twenty-third, 1937 [date of alleged in-

jury]?" To the submission of such issue the defendant made the objection, among others, that it erroneously placed the burden of proof upon the defendant instead of plaintiff.

Assuming that the question as thus stated constituted an issue, the burden of establishing which, if not conclusively, then by a preponderance of the evidence, and a finding of the jury was upon the plaintiff, then undoubtedly it did misplace the burden of proof. This is demonstrable by a simple test. Suppose evidence, pro and con, upon the issue had, in the opinion of the jury, been of equal weight. A verdict of "no" would have been required. But a verdict of "no" would have constituted a finding of the issue, as pleaded, for the plaintiff. Hence, the question as stated enabled plaintiff to have a favorable verdict without being supported by a preponderance of the evidence. Note. See page 725.

If the court erred in overruling the objection, we are of the opinion that the record shows affirmatively that the error was harmless. It was alleged, the allegation supported by evidence and the truth thereof established by the verdict of the jury that defendant paid plaintiff compensation for 16 weeks at the rate of $20 per week. There was no pleading by defendant, nor objection to evidence, to the effect that such payments were made as the result of fraud, accident or mistake, or as an aborted effort at compromise. There is an abundance of authority, we think, to support the view that thereby plaintiff's average weekly wages was sufficiently determined, regardless of any particular method of ascertaining same. Fidelity & Cas. Co. of New York v. Branton, Tex.Civ.App., 70 S.W.2d 780; Texas Employers' Ins. Ass'n v. Beckworth, Tex.Civ.App., 42 S.W. 2d 827; Fidelity Union Cas. Co. v. Dapperman, Tex.Civ.App., 47 S.W.2d 408; Commercial Standard Ins. Co. v. DeHart, Tex.Civ.App., 47 S.W.2d 898; Bankers' Lloyds v. Seymour, Tex.Civ.App., 49 S.W. 2d 508; Globe Indemnity Ins. Co. v. McClurg, Tex.Civ.App., 38 S.W.2d 125; Southern Surety Co. v. Eppler, Tex.Civ. App., 26 S.W.2d 697; Traders & Gen. Ins. Co. v. Slusser, Tex.Civ.App., 110 S.W.2d 598. Such payment was pleaded and established as an admission, which alone was sufficient evidence of the proper rate of average weekly wages, particularly in the absence of any contrary evidence, thereby rendering it immaterial which of the three methods for determining average weekly wages was employed.

■ The opinion in Traders & Gen. Ins. Co. v. Patterson, Tex.Civ.App., 123 S.W.2d 766, we think, has no bearing upon the question. The receipt by an employee of compensation at a rate of average weekly wages, less than the rate due, constitutes no admission that the amount paid is the amount due. Unless a payment is accepted by way of satisfaction of an accord, there can arise no estoppel, by acceptance of a part payment, to claim the balance due. One having the right to be paid the greater sum has the included right to be paid any part thereof, and there is, therefore, no admission, more certainly no admission against interest, involved in partial payments accepted. On the other hand, why should a compensation insurer voluntarily pay average weekly wages at the rate of $20 if a less rate was due? Absent fraud, accident or mistake, or any effort at compromise, self-interest is regarded as a sufficient guaranty that a rate of $20 was paid because that was the rate at which payment was due.

■ Under one proposition defendant insists, in effect, that under the second method for determining average weekly wages, the proper rate was shown to be $19.03, and that, therefore, in any event, the award of compensation at the rate of $20 per week was erroneous. This contention would, perhaps, be meritorious, had defendant admitted that average weekly wages was properly determinable, and was determined, by the second method. Other propositions, however, challenge the right of plaintiff to claim compensation according to the second method, and therefore we think that a judgment resting upon the established admission is not subject to the challenge presented by this proposition.

There being, in our opinion, no material error shown from which it results that the judgment should be affirmed, it is so ordered.

NOTE: In Traders & General Insurance Co. v. Weatherford, 124 S.W.2d 423, 429, we said: "We shall in this opinion assume that under the decisions in American Employers' Insurance Co. v. Singleton, Tex.Com.App., 24 S.W.2d 26; Traders & Gen. Ins. Co. v. Milliken, Tex.Civ.App., 87 S.W.2d 503; Id., Tex.Civ.App., 110 S.W. 2d 108; Traders & Gen. Ins. Co. v. Dwyer,

Tex.Civ.App., 104 S.W.2d 63; Texas Employers Ins. Ass'n v. Phelan, Tex.Civ.App., 103 S.W.2d 863, and perhaps other decisions following the Middleton [Singleton] case supra, relied upon by appellant, it is the law that before a plaintiff as an employee, or beneficiary of an employee, can recover compensation under the workmen's compensation statutes, based upon any other element of the definition of 'average weekly wages' than that embraced in paragraph No. 1, sec. 1, Art. 8309, he must plead, and establish conclusively by the evidence, or by the verdict of the jury (in a jury case), that such employee had not worked in such employment for the same or a different employer substantially the whole of the year (immediately preceding the injury)." Later we accepted the above assumption as a correct proposition of law. National Indemnity Underwriters v. Blevins, Tex.Civ.App., 129 S.W.2d 734. However, in the latter case, we could just as well have assumed the proposition as was done in the Weatherford case, and as we are doing in the instant case, its decision being unnecessary.

In the present investigation the writer's attention has been directed to an opinion by the Texarkana Court of Civil Appeals which appears to be inconsistent with the opinion in the Singleton case, if the latter be interpreted as we assumed it should be. Traders & General Ins. Co. v. Patterson, Tex.Civ.App., 123 S.W.2d 766. In this case the court held, in effect, that no burden rested upon the compensation claimant to show by *a preponderance of* the evidence that the first of the three methods of ascertaining average weekly wages was not available before the second method could be resorted to, or that neither the first nor the second was available before resorting to the third method. This decision, so far as the writer can see, necessarily affected the correctness of the judgment, at least as to the amount thereof. The Supreme Court dismissed the application for writ of error thus indicating approval of the judgment as correct. Such action naturally suggests the advisability of a re-examination of the opinion in the Singleton case.

A re-study of that case has convinced the writer that it is not necessary to construe the opinion therein as holding what this and other courts of civil appeals have assumed that it did. Some of the reasons upon which that conclusion is based will be set forth in this note, which, it is to be understood, constitutes the individual views of the writer, and not a part of the opinion upon which the judgment herein rests.

An allegation to the effect that the average weekly wages of an injured employee is a stated sum has been held to be good as against a general demurrer. Davies v. Texas Employers' Ins. Ass'n, Tex.Com.App., 16 S.W.2d 524; Southern Surety Co. v. Eppler, Tex.Civ.App., 26 S.W.2d 697; Commercial Standard Ins. Co. v. DeHart, Tex.Civ.App., 47 S.W.2d 898; Texas Employers' Ins. Ass'n v. Arnold, Tex.Civ.App., 57 S.W.2d 954; Traders & Gen. Ins. Co. v. Hicks, Tex.Civ.App., 94 S.W.2d 824; Traders' & Gen. Ins. Co. v. Williams, Tex. Civ.App., 66 S.W.2d 780. In the last cited case this court, by majority opinion, held that such a pleading was good even as against a special exception. Such an allegation is undoubtedly an allegation of a conclusion of fact and not a conclusion of law. The allegation of a conclusion of fact is proper pleading; the allegation of a conclusion of law is improper pleading. See authorities cited in Burton-Lingo Co. v. Morton, Tex.Civ.App., 126 S.W.2d 727.

If such an allegation expresses a conclusion of fact, then it is not subject to special exception, as will readily appear from a consideration of the fact that any possible substitute therefor, or any amplifications thereof would constitute averments of matters of evidence, or mere factual elements of the ultimate issue, contrary to the law and rules of pleading. The phrase "average weekly wages" is a legal term. Being such, it requires definition or explanation when, and if, used in the statement of a special issue. R.S.1925, Art. 2189. The term "average weekly wages" is defined by statute, R.S.1925, Art. 8309, sec. 1, paragraphs numbered 1 to 5, inclusive. Therefore, an allegation, for instance, that an employee's average weekly wages was $20 connotes everything embraced within the statutory definition, including the alternatives therein. Traders & Gen. Ins. Co. v. Williams, supra. The definition implies the existence of possibly different grades of evidence by which may be established an issue of average weekly wages. An interested party has the right, of course, to have the issue determined upon the basis of the best evidence available. A compensation claimant cannot prove "average weekly wages" by an inferior grade of evidence, unless and until

he has satisfactorily accounted for the non-production of superior grades of evidence. No reason is apparent why this should not be a matter for the determination of the trial judge, the same as other questions involving the "best evidence rule." If so, there is no occasion for application of the principle requiring *issues* (alleged facts) to be established by a preponderance of the evidence. This view may well account for the action of the Supreme Court in dismissing the application for writ of error in the Patterson case wherein the inapplicability of the first method of determining average weekly wages was shown only by the testimony of the plaintiff and the contention was overruled that the second method was not available since the uncorroborated testimony of plaintiff at most raised only an issue of fact, in the absence of an establishment of which by the verdict of the jury, the finding of average weekly wages according to the second method would not support the judgment.

Is such a view necessarily in conflict with the opinion in the Singleton case? If not then it is believed that very compelling reasons exist why it should not be otherwise construed. Some of these reasons may be listed as follows: First. A compensation claimant's petition which alleges only that the employee's average weekly wages was a stated sum would be subject to general demurrer contrary to the decisions hereinabove listed. Also, contrary, I think, to the most elementary rules of pleading. Second. It is possible that compensation must be denied solely because, although there be no evidence that the employee worked substantially a year, his beneficiary cannot produce a preponderance of the evidence to show that he did not. This, although there may be an abundance of evidence to establish the employee's average weekly wages determinable according to the second or third method. Take, for example, the not unreasonably supposable case of a surviving widow of a recently married employee killed under circumstances clearly entitling her to recover compensation, except there be three or four months of the year preceding the injury as to which she can produce no competent evidence either that the deceased was, or was not, employed. Must she be denied any recovery solely on that ground? Is such a view in accord with the spirit and purpose of the law? Third. An employee —more likely the beneficiary of an employee—may in the utmost good faith endeavor to establish the average weekly wages in accordance with the first of the three methods, but, if the matter is to be submitted to the jury whose decision may hinge upon the matter of the preponderance of the evidence he may fail, solely because of inability to produce a preponderance of the evidence. Must such employee or beneficiary be denied compensation by being denied the alternative right, duly alleged, to establish average weekly wages according to the second or third method? Clearly so if the establishment conclusively or by a verdict upon a preponderance of the evidence, be an indispensable requisite to the availability of the second or third method. Fourth. The right of a plaintiff to assert alternative claims and upon failure to establish one, entitled to establish the other, will in practical effect, be denied. The very insufficiency or incompleteness of the evidence to establish the first claim may at once constitute the lack of a preponderance of the evidence to show that recovery cannot be predicated upon such first claim, thereby precluding the alternative claim. Fifth. A compensation claimant desiring to establish his average weekly wages by the first method, but not certain of his ability to do so, must first allege the facts entitling him to make proof according to that method; but since a simple *failure* to produce sufficient evidence will not entitle him to make proof according to the second or third method, he must, in effect, allege affirmatively (this being, if an issue at all, an independent issue) the facts to show he was not entitled to prove average weekly wages according to the first method. In other words, while endeavoring to show by pleading and a preponderance of the evidence, that he had been employed for a year he must, in anticipation of his possible failure to produce a preponderance of the evidence to so show, by pleading and a preponderance of the evidence, show directly the contrary—that he had not worked a year. The claimant would, in practical effect, be forced to hazard his whole case upon being able to establish his average weekly wages according to the first method, or to take the directly contrary position and hazard his whole case upon being able to show that the first method was not available. The same likewise as between the first and second method on the one hand, and the third method on the other. Clearly his right to assert alternative claims would, in practical effect, be completely destroyed.

More may be said but this is deemed sufficient to support the above statement that such a construction of the Singleton case should, if possible, be avoided.

In the Singleton case one question, and one only, was decided. That was a question presented by appellant's contention "that the judgments of the two lower courts should be reversed, and the cause remanded, because there is no legal evidence to establish an annual or average weekly wage of the deceased." [24 S.W. 2d 27.] This contention was sustained. The evidence *failed* to show that the first method was applicable in that it only showed that Singleton worked for the Park Corporation (his employer when injured) about 18 or 20 days. The evidence further failed to show "that he [Singleton] had, prior thereto [that is, prior to the 18 or 20 days work for the Park Corporation] earned in any manner a daily or weekly wage." There could be no ground for any difference of opinion that the evidence failed to show average weekly wages determinable according to the first method. The same is likewise true as to the second method; for said the court: "Nor was it shown that the average daily wage or salary which an employe of the same class working substantially the whole of such immediate preceding year in the same or similar employment in the same or a neighboring place, shall have earned during the days he was employed." There was not even any contention that there was evidence to establish average weekly wages under the third method. Therefore, without reference to the question now under consideration and wholly unaffected by any such question, the conclusion of the court was correct that "there is no evidence in the record which will sustain the answer of the jury as to the weekly wage of the deceased [$35.00], and therefore no evidence to sustain a judgment of any character against the insurance company." The court, after making such complete and undoubtedly proper disposition of the case, said: "Furthermore, under the statute the burden is on the claimant to show by competent evidence that it is impracticable to compute the average weekly wage under either subsections 1 or 2 before subsection 3 can be resorted to. Likewise, the burden is on the claimant to show that compensation cannot be computed under subsection 1 before subsection 2 is resorted to."

It is to be observed that nothing was said about pleading and nothing about submitting issues to the jury. Is the language quoted necessarily inconsistent with the view that before the compensation claimant is entitled to introduce evidence to show average weekly wages according to the second method, it is necessary for him to show prima facie by evidence aliunde, that the first method is not available and that before he can introduce evidence to establish his average weekly wages according to the third method it is necessary for him to show that neither the first nor second method is available? If a court holds that a plaintiff before he can establish an issue as to the existence and terms of a deed, by parol evidence he must show by competent evidence that it is impracticable to make such proof by production of the deed itself, should that be held to imply a holding to the effect that an issue is presented, of a character like issues constituting elements of a cause of action or affirmative grounds of defense, and which if not conclusively established by the evidence are required to be submitted for the verdict of the jury? It seems to me no such implication can reasonably be read into any such holding and that the above language from the Singleton case is of exactly like character.

If this view be correct then there is added but an additional reason why the error complained of is harmless.