**TRADERS & GENERAL INS. CO. v. SLUSSER.**

No. 10159.

Court of Civil Appeals of Texas. San Antonio.

Nov. 3, 1937.

Rehearing Denied Dec. 1, 1937.

Hubbard, Dyer & Sorrell, of Corpus Christi, and Lightfoot, Robertson, Saunders & Gano, of Fort Worth, for appellant.

Hull & Oliver and Augustus McCloskey, all of San Antonio, for appellee.

MURRAY, Justice.

This is an action under the Workmen's Compensation Law, article 8306 et seq., R.C.S. 1925 (as amended [Vernon's Ann. Civ.St. art. 8306 et seq.]). Appellee, John Slusser, is the claimant; appellant, Traders & General Insurance Company, is the carrier of the Workmen's Compensation insurance; and Bryan Wingo, the subscriber.

Appellee alleged that he had sustained an injury on or about November 2, 1934, in the course of his employment, which resulted in total and permanent incapacity. The trial was to a jury, and upon favorable answers of the jury to the special issues submitted a judgment was entered awarding appellee a lump sum recovery of $4,525.24. The Insurance Company has appealed.

█ Appellant first complains of the trial court's action in overruling its special exception No. 5 which is as follows:

"Defendant further specially excepts to the following allegations in Paragraph 2 of Plaintiff's Second Amended Original Petition: 'That the said injuries aforesaid are permanent injuries; that such injuries have affected his body generally; that he suffers with chronic, traumatic neurasthenia, dizziness, headaches, unable to retain or digest his food, general debility, and has pains and aches in his head, arms, chest, lungs, shoulders, back, legs, all of which were injured, and his whole constitutional system has been generally impaired,' for the reasons that:

"(a) Said allegations are so vague, uncertain and indefinite that same fail to apprise defendant of the kind, nature and type of injuries complained of, all of which plaintiff is entitled to have fully and specifically plead before being required to answer herein.

"(b) Because no facts are alleged which show that the alleged injuries resulted in the physical complaints set out in said paragraph.

"(c) For the further reason that the allegation that plaintiff suffers pains and aches in his head, arms, etc., does not constitute the basis for any recovery in this cause, and all of such allegations in that connection are highly prejudicial and inflammatory, and should be stricken.

"Of which special exception, defendant prays judgment of the Court."

We are of the opinion that the allegations were sufficiently definite to apprise appellant of the kind, nature, and type of injuries complained of by appellee. El Paso Electric Co. v. De Garcia (Tex.Civ. App.) 10 S.W.2d 426; Dallas Railway & Terminal Co. v. Sutherland (Tex.Civ. App.) 27 S.W.2d 830.

█ Appellant next complains of a witness for appellee, Dr. Stansell, being permitted to testify to the condition he found appellee's back to be in, stating, among other things, that his back was growing stiff and ankylosed, because there were no pleadings to support such testimony, that it is immaterial to any issue in the case, and that no claim was made to the Industrial Accident Board for any spinal injury.

The allegations were sufficient to support this testimony, and it is certainly not immaterial to any issue. The record shows that there was a claim made to the Industrial Accident Board for a back in-

jury. We therefore overrule appellant's second proposition, which presents this contention. Texas Employers' Ins. Ass'n v. Knouff (Tex.Civ.App.) 297 S.W. 799; Dallas Railway Terminal Co. v. Price (Tex.Civ.App.) 94 S.W.2d 884; City of Dallas v. McCullough (Tex.Civ.App.) 95 S.W. 1121 (writ refused); Traders' & General Ins. Co. v. Baldwin (Tex.Civ. App.) 50 S.W.2d 863, 865; Traders & General Ins. Co. v. Rhodabarger (Tex. Civ.App.) 93 S.W.2d 1180; 45 Tex.Jur. pp. 783 to 786.

By appellant's third proposition it complains of the court's action in overruling its request to have appellee submit to an examination of its doctors after the trial had begun. This complaint is without merit, and is overruled. Casualty Reciprocal Exchange v. Stephens (Tex. Com.App.) 45 S.W.2d 143; United States Fidelity & Guaranty Co. v. Nettles (Tex. Com.App.) 35 S.W.2d 1045.

By its fourth, fifth, sixth, and seventh propositions appellant complains that the findings of the jury to the effect that appellee's physical incapacity is total and permanent, that the injury alleged was the producing cause of appellee's incapacity, and that appellee's incapacity produced by the injury alleged is not confined solely to a partial incapacity, are all without support in the pleadings and in the evidence, and are so contrary to and against the great weight and preponderance of the evidence that they ought not be allowed to stand.

We do not sustain these complaints. It would serve no useful purpose to here set forth all the evidence. The record shows that appellee received an injury in the course of his employment, which has disabled him from doing any work, and that his condition has not improved or gotten any better, and that he is unable to work. His condition is described in detail, and we conclude that both the evidence and the pleadings support the findings of the jury. Texas Employers Ins. Ass'n v. Parr (Tex. Com.App.) 30 S.W.2d 305; Commercial Standard Ins. Co. v. Noack (Tex.Com. App.) 62 S.W.2d 72; 45 Tex.Jur. pp. 492–494.

Appellant next complains because the court defined "substantially the whole of the year" as meaning three hundred days. In Petroleum Casualty Co. v. Williams (Tex.Com.App.) 15 S.W.2d 553, 555, the court said: "We are further of the opinion that substantially a year, within the meaning of [first] subdivisions 1 and 2 [section 1, art. 8309, Rev.St.1925], is exactly 300 days or close to, or near to 300 days. It may be slightly more than 300 days or slightly less than 300 days. That is to say substantially a year means a year or about a year, or so near a year as to be a year for all practical purposes."

It would have no doubt been more complete if the trial court had given the entire definition, as above set forth, but, as the evidence shows as a matter of law that neither appellee nor any other carpenter worked substantially a year next preceding the injury, at the same class of work appellee was doing at the time he received his injury in the same or in a neighboring place, the court properly submitted appellee's wage rate under first subsection 3, of section 1, article 8309, R.C.S. 1925, and therefore, the definition, if incorrect, was harmless error. Traders & General Ins. Co. v. Bulis (Tex.Com.App.) 104 S.W.2d 488; Texas Indemnity Ins. Co. v. Head (Tex.Civ.App.) 89 S.W.2d 283; Hartford Accident & Indemnity Co. v. Leigh (Tex.Civ.App.) 57 S.W.2d 605; Texas Employers' Ins. Ass'n v. Suttles (Tex.Civ.App.) 57 S.W.2d 624.

Furthermore, the evidence shows that appellant paid appellee compensation after his injury, at the rate of $20 per week, for 19 weeks, in the absence of a showing that it did so as a result of misrepresentation or mistake it would be estopped to deny that the $20 per week was based upon the proper wage rate. Fidelity & Casualty Co. of New York v. Branton (Tex.Civ.App.) 70 S.W.2d 780; Texas Employers' Ins. Ass'n v. Beckworth (Tex. Civ.App.) 42 S.W.2d 827.

Appellant is in no position in this case to complain that under the findings of the jury the compensation was fixed at $18 per week. Fidelity Union Casualty Co. v. Carey (Tex.Com.App.) 55 S.W.2d 795.

Appellant also complains as to the manner and form of submitting the following special issue, "Do you find from the preponderance of the evidence that plaintiff's incapacity, if any, produced by said injury, if any, is not confined solely to a partial incapacity"; the specific complaint being that the issue does not properly place the burden of proof. We overrule

this contention. The burden of proof was upon appellee to establish by a preponderance of the evidence that his disability was not confined solely to partial disability, and the question as framed correctly placed the burden. Traders & General Ins. Co. v. Offield (Tex.Civ.App.) 105 S.W.2d 359; Traders & General Ins. Co. v. Herndon (Tex.Civ.App.) 95 S.W.2d 540; 45 Tex. Jur. p. 587.

The issue is framed as it is held it should be framed in Traders & General Insurance Co. v. Herndon, supra, and in Southern Ice & Utilities Co. v. Richardson (Tex. Com.App.) 95 S.W.2d 956. See, also, Sproles v. Rosen, 126 Tex. 51, 84 S.W.2d 1001; Consolidated Underwriters v. Strahand (Tex.Civ.App.) 82 S.W.2d 1058.

All other propositions submitted by appellant have been examined and found without merit, and are overruled.

Finding no error in the record, the judgment will be in all things affirmed.