## BASANEZ et ux. v. UNION BUS LINES.
### No. 10521.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 18, 1939.

Carter & Lewis, of San Antonio, for appellants.

Lewright, Dyer & Sorrell, of Corpus Christi, for appellee.

F. Basanez and wife brought this suit in the 57th District Court against Joe Amberson, doing business under the trade name of Union Bus Lines, to recover damages for personal injuries alleged to have been suffered by Mrs. Basanez while a passenger on a bus operated by an employee of Union Bus Lines. The trial court submitted special issues to the jury and upon answers favorable to Union Bus Lines judgment was rendered in favor of the Bus Company. F. Basanez and wife filed a motion for new trial in which they claimed misconduct of counsel in the argument to the jury and that the verdict of the jury was against the overwhelming weight and preponderance of the evidence. The motion was overruled. Basanez and wife have appealed.

The first proposition complains of the action of the trial court in refusing to set aside the verdict of the jury and grant a new trial because of the following argument made by the attorney for appellee in the closing argument to the jury:

"Well, Gentlemen of the Jury, Joe Amberson operates the bus, and in these questions he asked, he seemed to be working or trying to make out that it is old and worn out. Well, maybe it was old, maybe that was all Joe could afford, I don't know. But, Gentlemen of the Jury, they are still trying to get those thousands of dollars from Joe Amberson, a fellow citizen—the same, just the same, Gentlemen of the Jury, as I or any other man, and he is entitled to the same degree of fairness and justice as any other man in this country, even though, Gentlemen of the Jury, he does happen to be operating a bus line from San Antonio to Harlingen—he is a citizen of the United States, and, of course, he must—he is the owner of property—pay his taxes to the United States Government and obey the laws of the United States Government. I don't know about Dr. Basanez; he has been here for eighteen years and has not taken out any of his first papers yet. I don't know who he is, I don't know whether he waded that river or swam. But, I say, Gentlemen of the Jury, when you gentlemen bring in this verdict he will swim that river again, because, I say to

you, I think he is all wet in this law suit. I say to you, Gentlemen of the Jury that I think this law suit, to my mind, constitutes one of the most dastardly attempts to come into a court of record and-mulct money from people that it has ever been my unfortunate duty to be involved in. I say that to you with every ounce of sincerity I have in my bones. * * *

"Gentlemen of the Jury, your answer to every one of these questions will be, 'No,' and when you write that, 'No,' 'No,' Gentlemen of the Jury, you will be saying as twelve Bexar County citizens and as citizens of these United States of America, 'No, Dr. Basanez, you are not going to expropriate $25,000.00 from one of our citizens with any such testimony as that.' Men, I believe that is what your answer will be. * * *

"And for Joe Amberson, and Turnbolt and Mrs. Rotge and Cameron and for the laws and for the citizenship of these United States as a whole, I ask you, when you go out here return your verdict; and when you sit here and listen to Mr. Carter, bear these facts in mind that we proved before you, and what I have just called to your attention, and what Mr. Young called to your attention, and when you do, Gentlemen of the Jury, I am willing to say and I am willing to bet and I am willing to gamble that Dr. Basanez will go back to Mexico in the same shape that he came across."

The appellants did not object to the argument until after the verdict was received and then in their motion for a new trial.

■ The argument under the record presented falls within the exception to the General Rule that "a case will not be reversed on account of improper argument before a jury unless objection is interposed at the time the argument is made."

"There is a well-recognized exception to the rule to the effect that a case will be reversed because of improper argument, even though no objection is interposed at the time, if the argument complained of is so plainly prejudicial that an instruction by the court to the jury not to consider the same would in all probability be of no avail." City of Pampa v. Todd et ux., Tex. Com.App., 59 S.W.2d 114, 116.

■ The argument is clearly inflammatory and prejudicial. It sought a verdict upon the premise that appellants were not citizens of the United States, as were the jury and the appellee. It tended to create a racial prejudice in the minds of the jury as between alien appellants and citizens, appellee and the jury. It suggested an illegal entry into the United States on the part of Dr. Basanez and that a verdict in favor of appellee would cause Dr. Basanez to "swim that river again" and "that Dr. Basanez will go back to Mexico in the same shape that he came across."

The following statement, to-wit, "Gentlemen of the Jury, you will be saying as twelve Bexar County Citizens and as citizens of the United States of America, 'No, Dr. Basanez, you are not going to expropriate $25,000.00 from one of our citizens * * *'" is clearly subject to the objection of appellants made in their motion for a new trial.

We judicially know that a short time before the trial of the case in the court below the Republic of Mexico expropriated oil properties of great value, situated in that Republic, belonging to citizens of the United States of America. It was shown on the motion for a new trial that such acts of the Government of Mexico were given wide publicity in Bexar County. Under such circumstances it cannot be doubted that such argument was calculated to and did create a prejudice against the appellants in the minds of the jury.

The appellants complain of further argument made to the jury by the attorney for appellee, but in view of our ruling above it is not necessary to pass upon those assignments.

■ The tenth proposition attacks the verdict of the jury on the ground that the verdict is against the great weight and preponderance of the evidence. A careful study of the evidence leads us to the conclusion that this assignment is without merit. A statement of the evidence could serve no useful purpose. It is sufficient to say that the evidence raised issues of fact to be submitted to the jury. Therefore, the argument stated being "so plainly prejudicial that an instruction by the court to the jury not to consider the same would in all probability be of no avail," the trial court should have set the verdict aside and granted the appellants a new trial.

The judgment of the trial court will be reversed and the cause remanded for another trial.