## HINOJOSA v. JONES.

No. 10966.

Court of Civil Appeals of Texas.
San Antonio.

July 23, 1941.

Rehearing Denied Oct. 1, 1941.

J. B. Lewright and Philip J. Montalbo, both of San Antonio, and John J. Pichinson, of Corpus Christi, for appellant.

Boone, Henderson, Boone & Davis, of Corpus Christi, and Perkins & Floyd, of Alice, for appellee.

SMITH, Chief Justice.

Manuel Garcia Hinojosa and W. W. Jones will be referred to herein as plaintiff and defendant, respectively, as in the trial court.

As stated in plaintiff's brief, "This suit was instituted * * * by Manuel Garcia Hinojosa * * * against W. W. Jones * * * for damages and was tried below on plaintiff's first amended original petition wherein plaintiff alleged in substance that on July 13, 1939, in a bank at Alice, Texas, defendant, without excuse, committed an assault and battery upon plaintiff by violently striking plaintiff with a heavy walking cane and, also, spitting tobacco juice in plaintiff's eye; in the alternative, only, that in any event the acts of defendant constituted an assault upon plaintiff; also, that on said occasion defendant, in a loud voice, in the presence and hearing of third persons, grossly vilified and abused plaintiff, and applied foul epithets to plaintiff; that defendant was then actuated by malice towards plaintiff, and that plaintiff was entitled to recover both actual damages and exemplary damages, said allegations being followed by appropriate prayer for relief." Upon a jury verdict, in which all the submitted issues were resolved against plaintiff, judgment was rendered that he take nothing, and he has appealed.

The record shows that for several years the parties had been, and still are, litigating a dispute concerning title to lands in Brooks County, and that defendant harbors considerable animus against plaintiff for instituting that litigation. This suit grew out of an occurrence in a bank at Alice, of which defendant is a director, and at which plaintiff does his banking business. On this occasion plaintiff was standing at a teller's window in the bank, negotiating a loan. While plaintiff was engrossed in this business defendant, according to his own testimony, walked past and to the rear of plaintiff and "tapped him on the leg" with a walking cane. A few moments later defendant passed plaintiff again and, confronting him, said to him: "Manuel, you have been causing me a whole lot of trouble and worry and you have got to cut it out, I ain't going to stand for any more of it, you have just got to cut it out, that is all I said. * * * I just wanted to tell him, I seen he was there and he had turned around and I tapped him on the leg and told him his two brothers are good men but he was a sinverguenza. * * * I said: 'Manuel, your brothers Rosendo and Adolfo are good men and have been neighbors with me over forty years and I have always found them to be good men and good citizens and' I said 'you are a puro sinverguenza'." The term "sinverguenza" is variously interpreted in the record, and from these interpretations the term appears to be one at least of considerable opprobrium. This much of the record is given as a background in determining the question of the propriety of some of the argument made by defendant's counsel to the jury. In view of the disposition to be made of that question the remaining points made in the appeal become immaterial.

There was testimony that defendant was eighty-three years of age, and had lived in Texas all his life. On the other hand the testimony showed that plaintiff is an alien, a native of the Republic of Mexico, who has never become a naturalized citizen of the United States or applied for citizenship here, or learned to speak the English language, although he had resided in Texas most of the sixty-three years of his life; that plaintiff's witness Garcia is a native of Mexico, has resided in Texas for thirty-nine years, but had never become a naturalized citizen of the United States, or made application therefor.

According to unchallenged statements in plaintiff's brief, in his oral argument to the jury, Hon. Hood Boone, counsel for defendant, said, among other things:

"It is for you to say which witness is telling the truth and which is not. You have on the one hand a man according to the undisputed testimony of Manuel Garcia and Willie Wright that has been a peaceful law abiding, outstanding citizen of the Southwest. According to Mr. Jones' testimony, he is eighty odd years old, a pioneer of this country, a man that has given his best efforts for the building up of this great Southwest. On the other hand, we have a man that says he has been in this country practically all his life and he has never learned to speak the English language. He has never thought enough of this country to become naturalized." Thereupon counsel for plaintiff below objected thus: "We object to counsel's argument to the effect that this plaintiff has never thought enough of this country to become naturalized, as prejudicial, and ask that the jury be instructed to disregard it." Whereupon the court said: "It is in the record," and counsel for plaintiff then said: "We ask the court for that instruction," but said objection was overruled by the court and no such instruction was given by the court to the jury, to all of which counsel for plaintiff * * * seasonably excepted. Thereupon the court said: "Counsel should have filed objection when the evidence was offered," and immediately thereupon Judge Boone resumed his argument and said: "I don't know whether or not he brought it or we brought it out. But that is in the record. And that matter stares them in the face and the jurors saw it, that he had to have an interpreter and he could not speak the English language, and does not think enough of this country to go to school here and yet he goes into the courts of our country and says he is injured. Gentlemen, he has not been hurt in any sense." Moreover, later in his argument Judge Boone said: "Do you remember when Manuel Garcia was on the stand, complaining about the tobacco juice in his eye, that he went out and talked with Willie Wright? That is where he began the foundation of this lawsuit and told Willie Wright that he was going to take this case to court, and rushed over to his compadre, Dr. Garcia, another alien, another Mexican citizen, who has been here thirty-nine or forty years and did not think enough of this country to take out naturalization papers."

Plaintiff contends that this argument constitutes a highly inflammatory and prejudicial appeal to racial prejudice in the jury and turned it against plaintiff as a Mexican citizen in a contest with defendant, therein asserted to be a citizen of Texas, "born in historic Goliad" and devoting his life of eighty-two years to the upbuilding of Southwest Texas, etc. We must sustain this contention, and the argument being obviously prejudicial in its nature and therefore improper, this Court has no other recourse, under the now well settled policy of the law in this State, than to reverse the judgment and remand the cause.

Some of the facts, or conclusions of fact, upon which the argument was based were supported by testimony, while some were not. Be that as it may, however, and assuming that all the factual elements of the argument were supported by the record, those facts, of diverse citizenship and education, gave no warrant to counsel to go further and use these facts as a foundation for the obvious appeals to racial feelings which always lie close to the surface of the average citizens of any country. We need not elaborate upon this conclusion, which finds more apt expression in so many recent and current reports. Basanez v. Union Bus Lines, Tex.Civ.App., 132 S.W. 2d 432, 433. In that case, which cannot be distinguished from this, it was said by Justice Slatton, then of this Court: "The argument is clearly inflammatory and prejudicial. It sought a verdict upon the premise that appellants were not citizens of the United States, as were the jury and the appellee. It tended to create a racial prejudice in the minds of the jury as between alien appellants and citizens, appellee and the jury."

The contention of defendant that the argument here involved was a discussion upon the credibility of the witnesses can not be sustained. The effect of the argument was to contrast an aged, rugged American pioneer with a Mexican alien, and then draw the inference that the alien was not entitled to redress in a court maintained by citizens of the United States or the State of Texas.

The judgment will be reversed and the cause remanded.