TRADERS & GENERAL INSURANCE
COMPANY, Appellant,

v.

Jess Willard SMITH, Appellee.

No. 7021.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 18, 1958.

Rehearing Denied March 18, 1958.

Collins, Garrison, Renfrow & Zeleskey, Henry H. Rogers, Lufkin, for appellant.

Fulmer, Fairchild & Barnett, Nacogdoches, for appellee.

FANNING, Justice.

Traders & General Insurance Company has appealed from a lump sum total permanent disability judgment (less $1,350 previously paid, being 54 weeks' compensation paid at the rate of $25 per week) rendered against it in favor of Jess Willard Smith in a workmen's compensation insurance case tried before a jury.

Defendant made stipulations on the lump sum issues and acceleration or increase of weekly wages and in accordance with defendant's motion in that regard, plaintiff's counsel was instructed by the court not to refer to pleadings or other matters regarding lump sum payment, attorneys' fees or acceleration of compensation payments, which instructions of the court were complied with.

The following portion of plaintiff's original petition: "Wherefore, premises considered, plaintiff prays that, upon final hearing hereof, he have judgment of and from the defendant, compensation payments of 60 per cent of his average weekly wage, not to exceed $25.00 per week for 401 weeks, and plaintiff prays for all costs of suit and for general relief," was read before the jury. Defendant's prior motion objecting to the reading of such matter to the jury was overruled by the trial court, and appellant by its first point contends that the trial court erred in permitting such matter to be read to the jury. We hold that appellant's first point does not present reversible error under the record in this case. See the following authorities: Texas Employers' Ins. Ass'n v. Rigsby, Tex.Civ.App., 273 S.W.2d 681, and Texas Employers' Ins. Ass'n v. Logsdon, Tex.Civ.App., 278 S.W.2d 893, wr. ref., n. r. e.

In Texas Employers Ins. Ass'n v. Rigsby, 273 S.W.2d 681, 684, supra, it is stated:

"By its fifth point the appellant complains of the trial court's action in permitting counsel for plaintiff in the trial court, over its objection, to read to the jury that portion of plaintiff's original petition in which he alleged that he was entitled to recover 401 weeks of Workmen's Compensation insurance at the rate of sixty percent of his average weekly wage, not to exceed $25.00 per week. At the beginning of the trial, before the voir dire examination of the jury, appellant's counsel moved the court to instruct counsel not to inform the jury that he was seeking insurance at the rate of $25.00 per week for a period of 401 weeks and that counsel be prevented from reading that portion of his petition to the jury. The reason for the motion, as stated, was that it was not proper for the jury to know the amount of money plaintiff was seeking or the rate of compensation he was seeking, since to do so would inform the jury of these facts or impart information to them with which they are not concerned, since the jury would then be informed of the legal effect of its findings. In support of this point the appellant relies upon the case of Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000 by the Supreme Court. We are unable to see any similarity between the instant case and that case. As we view the matter the portion of

the pleadings complained of and read to the jury with the rest of the petition was a portion of the prayer which simply stated what the plaintiff was suing for. It was not improper to thus inform the jury, but if such an action could be regarded as improper, no harm resulted to the appellant so far as we can ascertain from this record. In fact, the jury by its answer to the issue inquiring how long his incapacity would continue did not answer any number of weeks but answered only 'permanent'."

In Texas Employers' Ins. Ass'n v. Logson, Tex.Civ.App., 278 S.W.2d 893, 897, wr. ref., n. r. e., supra, it is stated:

"Appellee's original petition in general is in the usual form found in this type of case. As a part of his alleged cause of action, he pleaded the maximum weekly compensation rate of $25 for a period of 401 weeks and relied on such rate whether he was able to obtain total permanent disability benefits or permanent partial disability benefits. To contend that such an allegation is one of law has been held not to be sound. Federal Underwriters Exchange v. Bickham, Tex.Civ.App., 136 S.W.2d 880, syl. 14, affirmed 138 Tex. 128, 157 S.W.2d 356. In our opinion, it was not reversible error in the case at bar to mention or refer to such weekly compensation rate in the presence of the jury or to have read that portion of the pleadings to the jury, if such pleadings were read to the jury."

■ Appellant by its second point contends that the trial court erred in permitting the witness Foman to testify on cross-examination as to his computation of 60% of the sum of $25.32, plaintiff's wage for one week, over the objections of defendant. By its third point appellant contends that the trial court erred in not granting it a mistrial on the basis of the matter complained of by its second point. The jury answered the wage rate issues submitted.

These findings are sufficient to establish that Subsections 1 and 2 of Sec. 1, Art. 8309, Vernon's Ann.Civil Statutes were not applicable under the facts in the case at bar, and are sufficient to establish the sum of $50 per week as an average weekly wage rate of plaintiff under Subsection 3, Sec. 1, Art. 8309, V.A.C.S., which would be just and fair to both parties. Appellant has not presented any points attacking the jury's findings on the wage rate issues submitted. We think the evidence was amply sufficient to sustain the jury's findings on the wage rate issues and these findings will support the then maximum weekly compensation rate of $25 per week to be paid plaintiff as his weekly compensation rate in this case. Furthermore, it is undisputed in the record that defendant paid plaintiff 54 weekly installments of compensation at the rate of $25 per week, aggregating $1,350. There were no pleadings or claim by defendant that such payments of compensation were induced by fraud, accident or mistake, or any effort to compromise. In Texas Employers Ins. Ass'n v. Grimes, Tex.Civ.App., 268 S.W.2d 786, 789, wr. ref., n r. e., it is stated:

"We have carefully searched the record and we do not find any claim of appellant that the payment by it to appellee of ten weeks compensation at the weekly rate of $22.40 (aggregating $224) was induced by fraud, accident or mistake or any effort to compromise. We think these facts would justify and authorize a recovery for appellee at the rate of $22.40 per week. Tex.Jur., vol. 45, p. 660, sec. 212; Texas Employers Ins. Ass'n v. Hamor, Tex.Civ. App., 97 S.W.2d 1041; Southern Underwriters v. Erwin, Tex.Civ.App., 134 S.W.2d 720; Traders & General Ins. Co. v. Slusser, Tex.Civ.App., 110 S.W. 2d 598, error dism.; Texas Employers Ins. Ass'n v. McNorton, Tex.Civ.App., 92 S.W.2d 562, error dismissed in 132 Tex. 168, 122 S.W.2d 1043."

We hold that appellant's second and third points do not present reversible error un-

der this record and they are respectfully overruled.

■ Appellant's fourth point dealing with the admissibility of evidence of wage rate raises expected by plaintiff, and its fifth point complaining of the jury argument by plaintiff's counsel with reference to such matter, are deemed as not presenting reversible error in this case for several reasons. First, it is thought that the evidence in question (while probably of small weight) probably had some vestige of pertinency under Subsec. 3, Sec. 1, Art. 8309, V.A.C.S. See Traders & General Ins. Co. v. Bulis, 129 Tex. 362, 104 S.W.2d 488. Second, on cross-examination by appellant's counsel (prior to the elicitation of the evidence in question) the following testimony was adduced:

"Q. Was your rate of pay the same all during that time? A. No, they was to raise me."

Since testimony to the same effect was already in the record without objection, further evidence along the same line would be merely cumulative. Third, the argument in question was not objected to when it was made and was first complained of in defendant's amended motion for new trial; furthermore, such argument would not present reversible error under the record in this case. Aultman v. Dallas Ry. & Term. Co., 152 Tex. 509, 260 S.W.2d 596. Fourth, even if the evidence and argument with respect to the wage rate issues were improper, such errors, if any, would be clearly harmless in view of the fact that the voluntary payment by defendant of 54 weeks' compensation at the rate of $25 per week to plaintiff, under the undisputed record in this case, would entitle plaintiff to a weekly compensation rate of $25 per week. See Texas Employers' Ins. Ass'n v. Grimes, Tex.Civ.App., 268 S.W.2d 786, wr. ref., n. r. e. Appellant's fourth and fifth points are respectfully overruled.

■ Appellant by its sixth point contends that the trial court erred in overruling its motion for mistrial because plaintiff's counsel asked plaintiff whether defendant had offered plaintiff anything to buy food with since defendant quit paying compensation and plaintiff answering negatively thereto. However, defendant made no objection either to the question or the answer, nor did defendant request the trial court to instruct the jury to not consider such question and answer. While we think the question and answer in question were improper, this was not the type of matter which could not have been cured by an appropriate instruction from the trial court if such a request had been made by appellant. See King v. Federal Underwriters Exchange, 144 Tex. 531, 191 S.W.2d 855 and Ramirez v. Acker, 134 Tex. 467, 138 S.W.2d 1054. Furthermore, in the light of the whole record, we think that such matter was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment in the case. Rules 434 and 503, Texas Rules of Civil Procedure; Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404. Appellant's sixth point does not present reversible error and is respectfully overruled.

■ By its 8th and 9th points appellant complains of the trial court's overruling its objections to request for instructions for the jury to disregard and motion for mistrial, by reason of the following argument of plaintiff's counsel, to wit:

"Can he do it? Yes. You can jump out that window yonder, too, if it had to be done. If they hollered fire, and there was no other way out, you could do it if your back broke, and you would do it. Yes, sir, just like he is crawling on his belly, on his knees, to try to keep from seeing the family do it. I think you admire that too."

There was testimony in the record that plaintiff had a tomato crop and it was brought out in the trial that he planted tomatoes by crawling on his knees. We

quote from the record with reference to this as follows:

"Q. Now do you do that? A. I crawl on my knees, only way I can do it."

Appellant on cross-examination also elicited the following testimony from the plaintiff:

"Well, you have to exert at least some effort in bending your body in order to accomplish that, do you not? A. *I'd try to help my family make a living, if I had to crawl on my stomach.*" (Emphasis added.)

The evidence is amply sufficient to sustain the finding that appellee was injured during the course of his employment. It was virtually undisputed in the evidence that appellee was seriously disabled. He was operated upon by a doctor at the instance of the Insurance Company. The evidence strongly supports the jury's findings of total and permanent disability. Here we have a case where the facts strongly support the verdict of the jury.

In Walker v. Texas Employers' Ins. Ass'n, Tex.Sup., 291 S.W.2d 298, 301, it is stated:

"Before an error may be made the basis of reversing a trial court judgment the appellate court must be satisfied that the error complained of 'was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case.' Reversal may not be predicated upon a simple showing that error occurred and that the jury returned a verdict in some respects favorable to the party the error was reasonably calculated to help. If it could, the further provision of Rules 434 and 503 that it must also appear that the error 'probably did cause, the rendition of an improper judgment' would be meaningless and pointless.

"A determination of whether the error 'probably did cause, the rendition of an improper judgment' by influencing the jury to return a verdict it probably would not otherwise have returned is to be made from an examination of the record as a whole, City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860, 863, including the 'state of the evidence'. Lumbermen's Lloyds v. Loper, 153 Tex. 404, 269 S.W.2d 367, 370."

After carefully considering the record as a whole, we are of the opinion that the above argument complained of by appellant in its 8th and 9th points was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment in this cause. Rules 434 and 503, T.R.C.P.; Whitener v. Traders & General Ins. Co., Tex.Sup., 289 S.W.2d 233; Aultman v Dallas Ry. & Term. Co., 152 Tex. 509, 260 S.W.2d 596; Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404. Appellant's 8th and 9th points do not present reversible error under this record and are respectfully overruled.

Appellant's 10th point complains of the following argument of plaintiff's counsel:

"All doctors say they won't pass him. All say he can't do anything without hurting, so he don't qualify for partial, 'cause he can't get a job and he can't hold a job. Therefore there can't be any partial. It's just total, is all you can make out of it. Some of you folks have sat before and I know you know this is an ideal case of total disability."

Defendant made no objection to the argument when it was made and did not request the trial court to instruct the jury to disregard same. In Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W. 2d 856, 858, it is stated:

"Generally speaking, to entitle one to a new trial because of improper argument of counsel for the opposing party it must be shown that objection was

made and overruled at the very time the argument was made. Texas & N. O. Ry. Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264, 266; Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197, 200. The rule is a sound one. The basis for it is that offending counsel and the trial court should be afforded an opportunity to eliminate, if possible, the prejudice that may result from the argument—counsel by retraction and the court by instruction. As the Court of Civil Appeals correctly observed in this case, ordinarily a litigant will not be permitted to lie in wait, taking a chance on a favorable verdict and, being disappointed, complain of improper argument for the first time in a motion for new trial. It is only when the probable harm or the resulting prejudice cannot be eliminated or 'cured' by retraction or instruction that a new trial will be awarded in the absence of timely objection. Texas Co. v. Gibson, 131 Tex. 598, 116 S.W.2d 686; Wade v. Texas Employers' Ins. Ass'n, supra.

"As is pointed out in the Wade case, argument which is improper only because its nature is calculated to inflame the minds and arouse the passion or prejudice of jurors is usually regarded as being of the 'curable' type. 244 S.W.2d 200–201. See also Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054. But this is by no means an invariable and unbending rule. Basanez v. Union Bus Lines, Tex.Civ.App., 132 S.W.2d 432, no writ history (appeal to national or racial prejudice). This Court has often reversed judgments because counsel used the medium of argument for getting before the jury new or different evidence, even though objection was not timely made. Floyd v. Fidelity Union Cas. Co., Tex.Com. App., 24 S.W.2d 363, rehearing denied, Tex.Com.App., 39 S.W.2d 1091; Robbins v. Wynne, Tex.Com.App., 44 S.W.

2d 946. What matters it that the argument is of a particular type or falls into a particular category? The true test is the degree of prejudice flowing from the argument—whether the argument, considered in its proper setting, was reasonably calculated to cause such prejudice to the opposing litigant that a withdrawal by counsel or an instruction by the court, or both, could not eliminate the probability that it resulted in an improper verdict. Rules 434 and 503, Texas Rules of Civil Procedure."

It is our view that the above argument is of the type usually regarded as "curable." See Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054. It is our further view that said argument, in the light of the record as a whole in this case, was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment in this cause.

Appellant also presents other points complaining of various arguments of plaintiff's counsel. We have carefully considered these arguments as well as the arguments hereinbefore related, and we are of the opinion that in the light of the record as a whole, the arguments in question neither singly nor collectively were reasonably calculated to cause nor probably did cause the rendition of an improper judgment in the cause. Rules 434 and 503, T.R.C.P.; Aultman v. Dallas Ry. & Term. Co., 152 Tex. 509, 260 S.W.2d 596; Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404; Whitener v. Traders & General Ins. Co., Tex.Sup., 289 S.W.2d 233; Walker v. Texas Employers Ins. Ass'n, Tex.Sup., 291 S. W.2d 298.

Each and all of appellant's points have been carefully considered and are respectfully overruled.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.