**AETNA CASUALTY & SURETY COMPANY, Appellant,**

v.

**Alma C. SWEARENGIN, Appellee.**

No. 11227.

Court of Civil Appeals of Texas.

Austin.

July 8, 1964.

Graves, Dougherty, Gee & Hearon, Austin, for appellant.

Byrd, Davis & Eisenberg, Austin, for appellee.

ARCHER, Chief Justice.

This was a workmen's compensation case, which was brought by appellee against appellant, in which judgment was rendered for plaintiff.

The appeal is predicated on 6 points and are that there is no evidence, or alternatively, that the evidence is insufficient to support the finding of the Trial Court, upon which the judgment is based; that plaintiff was totally and permanently incapacitated as a result of the accidental injury sustained by her on or about November 16, 1961;

that there is no evidence or the evidence is insufficient to support the finding that there were one or more employees of the same class as plaintiff who worked in the same or similar employment in the same or neighboring place for at least 210 days during the year immediately preceding November 16, 1961; that such finding is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust; that there is no evidence or alternatively insufficient evidence to support the finding that an average weekly wage which would be just and fair to both parties herein as of November 16, 1961, would be not less than $57.69; and such finding is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust.

The plaintiff tripped over an electric cord in the offices of the Austin American-Statesman, of which she was aware, and fell on her right side and testified that she felt pain in her right hip and back, and was taken to a doctor and was x-rayed, and subsequently seen by a specialist.

The appellee, 57 years of age, had worked at the newspaper office since 1957, performing duties assigned to her, the last was verifying advertisements by measuring them and tearing them out of the paper for transmission to advertisers, and was classified as a clerk.

Mrs. Swearengin had a history of back trouble and surgery prior to her fall. In 1955 she was treated and two laminectomy operations performed to relieve pain, by Dr. LaLonde, and who saw her again in 1959 at which time she was still suffering from pains in her back, and further spine surgery was performed.

At the time of her fall in 1961, Mrs. Swearengin was doing light office work, with a regular attendance, and had not had trouble with her back since May of 1959.

■ The rule in "no evidence" cases is that all evidence and reasonable inferences from circumstances in evidence must be construed and received in the most favorable light in support of the judgment and all evidence leading to the contrary must be disregarded.

Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359.

■ Under the points of error raising "great weight and preponderance of the evidence" it is our duty to consider and weigh all the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

The plaintiff had been employed by the Austin American-Statesman since 1957, assigned to various duties. Mrs. Swearengin, at her request was assigned to measuring advertisements and sending such to the advertisers, having been a posting machine operator, with no reduction in salary.

■ We believe that the evidence as a whole supports the Court's finding that appellee was totally and permanently incapacitated as a result of the accidental injury sustained by her.

The plaintiff was treated by physicians chosen by appellant until in April 1962 when she was told by one of such physicians that her case had been withdrawn from his hands by the insurance company, appellant, and he could not longer treat her.

The appellee left Austin and went to be near and to be cared for by a sister, since she had no funds to pay for treatment. She relied on aspirin and bufferin for relief.

An adjuster for the carrier visited her in Comanche several times and promised plaintiff that she would receive medical treatment, but such was not furnished.

In April 1963, plaintiff's daughter brought her back to Austin for medical treatment under the care of Dr. Warran A. Ross, an orthopedic surgeon, who testified that he first saw plaintiff, Mrs. Swearengin, on the 4th of April, 1963 and detailed the history of Mrs. Swearengin as given him, and recited the complaints of Mrs. Swearengin as stated to him, and then set out his findings

on the day he examined plaintiff as to the movements of her, that she had a forward flexed position at the hips, with a slight list of the spine to the left, and such movements were extremely slow, and on standing, the spine was extremely rigid, with marked paralumbar muscle spasms present. X-rays were made and revealed narrowing of the lumbosacral intervertebral disc space and other conditions, and it was concluded that Mrs. Swearengin had a chronic lumbosacral strain, post-operative instability, lumbar spine and was suffering significant discomfort. He related her subsequent visits and condition, and prescribed medication and treatments, and that the disability was permanent, caused and aggravated by the injury received by her in November 1961.

There were other physicians who testified and we have read such testimony and the Trial Court heard all of such, saw and observed the witnesses, the plaintiff and found that she was totally and permanently incapacitated as a result of her injury in November 1961, and was justified in such finding.

█ Even if plaintiff was able to do some light work this would not preclude a judgment for total and permanent incapacity.

Texas Employers Insurance Association v. Smith, Tex.Civ.App., 374 S.W.2d 287, n. w. h., and the cases cited.

█ It is also our opinion, considering all the evidence, that the finding of the Trial Court of total and permanent incapacity is not so against the great weight and preponderance of the evidence as to be clearly wrong or manifestly unjust.

█ Points Nos. 3, 4, 5 and 6 are directed to the evidence to support the finding of the Trial Court upon which the judgment is based, that an average weekly wage which would be just and fair to both parties, as of November 16, 1961, would not be less than $57.69.

We believe that the findings of the Court on the wage rate issues are supported by the record, and that they are not so against the great weight and preponderance of the evidence as to be clearly wrong or manifestly unjust.

Plaintiff had been employed by the newspaper since 1957, doing general office work, and at one time operated a posting machine, at which time another employee, Betty Lange, was running a posting machine.

Mrs. Swearengin requested that she be removed from the posting machine and given another duty within the accounting department doing general clerical work, and was classified as such.

At the time of her injury the plaintiff was making $10.00 per day and would have continued such work for 210 days if she had not taken a leave to have her teeth extracted.

█ The carrier from the date of injury on November 16, 1961 until April 12, 1962 paid plaintiff compensation at the rate of $34.61 per week, the rate found by the Trial Court, such act on the part of the carrier constitutes some evidence that the amount paid is a correct one.

Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991.

█ Article 8309, Sec. 1(3), Vernon's Ann.Civ.St., provided the method of computing compensation where claimant has not been employed for at least 210 days, and such method was used by the Trial Court in fixing what would be just and fair.

Pan American Insurance Company v. Stokes, Tex.Civ.App., 370 S.W.2d 955.

Southern Surety Co. v. Eppler, Tex.Civ. App., 26 S.W.2d 697, er. ref.

The judgment of the Trial Court is affirmed.

Affirmed.